**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CRISTINA COBIAN DE ANDALON,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 05-75315

Agency No. A071-647-182

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 2, 2010
Pasadena, California

Before: SCHROEDER, FISHER, and N.R. SMITH, Circuit Judges.

Cristina Cobian de Andalon, native and citizen of Mexico, petitions for review of a decision by the Board of Immigration Appeals (BIA) denying her application for cancellation of removal.

The BIA found that Cobian was ineligible for cancellation of removal under section 240A of the Immigration and Nationality Act, 8 U.S.C. § 1229b, because

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

she did not reside continuously in the United States for seven years after having been "admitted in any status." 8 U.S.C. § 1229b(a)(2). The BIA found that Cobian was admitted in any status on the date she was granted lawful permanent residence, rather than the date that she applied for adjustment of status or work authorization. We have jurisdiction under 8 U.S.C. § 1252(a) and deny the petition for review.

Cobian argues that the seven-year period should run from (1) the date of her application for adjustment of status or (2) the date when she received her work authorization. We disagree. The BIA did not err in concluding that Cobian was not admitted until her lawful permanent residence application was granted. *See Vasquez v. Holder,* ___ F.3d ___, Slip. op. at 7417 (9th Cir. June 3, 2011) (holding the mere filing for legal permanent residence status does not constitute an admission "in any status"); *Guevara v. Holder*, ___ F.3d ___, Slip. op. at 7397 (9th Cir. June 3, 2011) (holding that work authorization does not confer admission "in any status"). Using the date she was granted legal permanent residence status, Cobian was statutorily ineligible for cancellation of removal as she had not resided in the United States for seven years after having been "admitted in any status."

**PETITION FOR REVIEW DENIED.**

FILED

JUN 03 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Cobian de Andalon v. Holder*, No. 05-75315

FISHER, J., dissenting:

I respectfully dissent. For the reasons explained in my dissent in *Guevara v. Holder*, No. 08-72252, filed concurrently with this memorandum, I would hold that Cobian was "admitted in any status" for purposes of 8 U.S.C. § 1229b(a)(2) when the agency exercised its discretion to grant her an employment authorization. I would therefore grant the petition and remand so that the IJ might determine the date on which the employment authorization was issued. If, as seems likely, the authorization was issued more than seven years before Cobian received a Notice to Appear, the IJ would then have discretion to grant Cobian cancellation of removal.